IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KENNITH KING and MARVIN SPRUIELL, individually and on behalf of others similarly situated, | )<br>)<br>) Case No. 16-cv-10165 |
| Plaintiffs, | ) |
| v. | ) |
| ALLBRIGHT CONSTRUCTION, LLC, d/b/a GREEN DAY CONSTRUCTION, and SCOTT ALLBRIGHT, | )<br>) JURY DEMANDED<br>) |
| Defendants. | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Kennith King and Marvin Spruiell, individually and on behalf of others similarly situated, complain against Defendants Allbright Construction, LLC, d/b/a Green Day Construction ("Green Day Construction") and Scott Allbright ("Allbright"), alleging claims under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Plaintiffs bring their FLSA claims as a putative collective action, pursuant to 29 U.S.C. § 216(b), and Plaintiffs bring their state law claims as a putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### Introduction

1. This complaint arises out of Defendants' failure to pay Plaintiffs and a class of other individuals one-and-a-half times their regular rate of pay for hours worked in excess of forty in a workweek.

2. Plaintiffs, individually and on behalf of others similarly situated, seek to recover unpaid overtime wages, interest, statutory penalties, liquidated damages, and attorneys' fees and costs pursuant to the FLSA and the IMWL.

**Parties**

3. Plaintiff Kennith King ("King") worked as a maintenance and construction supervisor for Defendants from approximately 2010 or 2011 to September 2016. During King's employment with Defendants, King was compensated on an hourly basis.

4. Plaintiff Marvin Spruiell ("Spruiell") worked as a painter and general laborer for Defendants from approximately November 2015 to August 2016.

5. Defendant Allbright Construction, LLC, is an Illinois corporation headquartered in Arlington Heights, Illinois, which is located in Cook County. During relevant times, Allbright Construction, LLC operated under the assumed name of Green Day Construction.

6. Defendant Scott Allbright is the Chief Executive Officer of Allbright Construction, LLC, d/b/a Green Day Construction. Upon information and belief, he is a resident of Cook County, Illinois.

7. During relevant times, Defendants Green Day Construction and Allbright were Plaintiffs' employer for purposes of the FLSA and the IMWL.

**Jurisdiction and Venue**

8. The Court has jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this district because, at all relevant times, Defendants employed Plaintiffs in this judicial district.

**Facts**

10. Defendant Green Day Construction is in the business of construction, renovation, maintenance, and property management in the Chicagoland area.

11. Plaintiffs and other similarly situated individuals routinely worked for Defendants in excess of forty hours in a workweek.

12. For example, during the workweek of August 14, 2016 to August 20, 2016, Spruiell worked 55.5 hours for Defendants, and Green Day Construction paid Spruiell at a flat rate of $15.00 per hour for all hours worked. *See* Spruiell Paycheck (Ex. A).

13. As another example, during the workweek of November 26, 2015 to December 2, 2015, King worked approximately sixty hours for Defendants, and Green Day Construction paid King at a flat rate of approximately $20 per hour for all hours worked.

14. Defendants never paid Plaintiffs and the other similarly situated employees one-and-a-half times their regular hourly rate of pay for hours worked in excess of forty in a workweek.

**Enterprise Status**

15. From October 28, 2013 to the present, Defendants constituted an "enterprise" as that term is defined in the FLSA because they performed related activities (either through unified operation or common control) for a common business purpose. During relevant times, Defendants engaged in well over $500,000 in annual sales or business.

**Collective and Class Allegations**

16. Plaintiffs bring the claims set forth in Count I, alleging violations of the FLSA, as opt-in representatives for collective action on behalf of themselves and an **"FLSA Overtime Class,"** consisting of all hourly employees of Green Day Construction between October 28, 2013

and the present and who, during that time, worked in excess of forty hours a week in any workweek.

17. Plaintiffs bring their IMWL claims as set forth in Count II, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all other individuals who worked for Green Day Construction as hourly employees between October 28, 2013 and the present, and who, during that time, worked in excess of forty hours a week in any workweek ("**the IMWL Class**").

18. The classes defined above satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).

19. The classes are so numerous and geographically dispersed that joinder of all members is impracticable, and the disposition of their claims in a class action will provide substantial benefits to both the parties and the Court. Plaintiffs believe that the classes include dozens of former and current Green Day Construction employees.

20. Common questions of law and fact predominate over individual issues affecting only individual class members. The common questions of law and fact include, among others, the following:

    a. Whether Green Day Construction denied Plaintiffs and the FLSA Overtime Class overtime wages due and owing under the FLSA;

    b. Whether Green Day Construction denied Plaintiffs and the IMWL Class overtime wages due and owing under the Illinois Minimum Wage Law;

21. Plaintiffs will fairly and adequately protect the interests of all class members. Plaintiffs are members of the FLSA Overtime class and the IMWL Class. Plaintiffs' claims are typical of the claims of all class members. Plaintiffs' interests in obtaining monetary relief for

Defendants' violations of the class members' rights are consistent with and are not antagonistic to those of any person within the classes.

22. Plaintiffs have retained counsel competent and experienced in complex and class action litigation.

23. A class action is superior to other methods for the fair and efficient adjudication of the controversy alleged in this Complaint. Class action treatment will permit a large number of similarly situated persons to prosecute their modest, common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require.

24. The Court is not likely to encounter any difficulties that would preclude it from maintaining this case as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Individualized litigation also would present the potential for inconsistent or contradictory judgments.

## **Count I – Fair Labor Standards Act**

25. Plaintiffs incorporate all prior allegations as if fully stated herein.

26. Defendants employed Plaintiffs and members of the FLSA Overtime Class.

27. Plaintiffs and members of the FLSA Overtime Class regularly worked for Defendants in excess of forty hours in a workweek.

28. Plaintiffs and members of the FLSA Overtime Class were not exempt employees as defined by the FLSA and relevant regulations.

29. Defendants never paid Plaintiffs and members of the FLSA Overtime Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

30. Defendants' violations of the FLSA were willful.

**PRAYER FOR RELIEF**

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a collective action pursuant to 29 U.S.C. § 216(b);

b. Entering judgment in the amount of all unpaid overtime wages due and owing to Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendants' conduct violated the FLSA;

d. Awarding Plaintiffs their reasonable attorneys' fees and the costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other and further relief as this Court deems appropriate and just.

**Count II – Illinois Minimum Wage Law**

31. Plaintiffs incorporate all prior allegations as if fully stated herein.

32. Defendants employed Plaintiffs and members of the IMWL Class.

33. Plaintiffs and members of the IMWL Class regularly worked for Defendants in excess of forty hours in a workweek.

34. Defendants never paid Plaintiffs and members of the IMWL Class one-and-a-half times their regular hourly rate for hours worked in excess of forty in a workweek.

**PRAYER FOR RELIEF**

Plaintiffs ask the Court to enter judgment against Defendants and issue an order:

a. Certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Appointing Plaintiffs as representatives of the IMWL Class;

c. Appointing the undersigned counsel as class counsel;

d. Declaring that the actions complained of herein violated 820 ILCS 105/4;

e.  Awarding the IMWL Class prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

f.  Awarding the IMWL Class unpaid wages due as provided by the IMWL;

g.  Awarding penalties in the amount of 2% of all unpaid wages for each month the unpaid wages remain delinquent, as contemplated by 820 ILCS 105/12(a);

h.  Awarding reasonable attorneys' fees and the costs of this action as provided by the IMWL;

i.  Awarding such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues as to which a jury trial is available.

          Respectfully submitted,

          /s/Christopher J. Wilmes_____
          One of the Attorneys for the Plaintiffs

Matthew J. Piers (Illinois Bar No. 2206161)
Christopher J. Wilmes (Illinois Bar No. 6287688)
Todd Pierce-Ryan (Illinois Bar No. 6321299)
HUGHES, SOCOL, PIERS, RESNICK & DYM, LTD.
70 West Madison Street, Suite 4000
Chicago, Illinois 60602
312-580-0100